# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

### Anchorage Division

RECEIVED

DEC 1 2 2025

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

**LARRY CASH,**

Plaintiff,

v.

**CLAMAR FLOATS, INC.,**

Defendant.

Case No. **3:25-cv-00285-SLG**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## TABLE OF AUTHORITIES

**Cases**

- *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017)

- *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)

- *Daimler AG v. Bauman*, 571 U.S. 117 (2014)

- *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)

- *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)

**Statutes and Rules**

- 28 U.S.C. § 1391(b)(2)

- 28 U.S.C. § 1404(a)

- 28 U.S.C. § 1406(a)

- U.C.C. § 2-319(1)(a)

- Fed. R. Civ. P. 12(b)(2)

- Fed. R. Civ. P. 12(b)(3)

## I. INTRODUCTION

This Court lacks personal jurisdiction over Defendant Clamar Floats, Inc. ("Clamar"), a Maine-based aircraft float manufacturer. Clamar does not conduct business in Alaska and did not purposefully avail itself of the Alaska market. The transaction underlying this lawsuit was formed, paid for, and completed in Maine, with title and risk of loss expressly transferring **FOB Brunswick, Maine**, under the parties' contract. Plaintiff's claims arise from events occurring **after risk of loss transferred**, including damage during transportation and installation work by third parties in Alaska—conduct unrelated to Clamar. These alleged events, even if true, do not arise from any activity by Clamar in Alaska.

Venue is also improper in this District under 28 U.S.C. § 1391(b)(2). Should the Court decline to dismiss, the case must be transferred to the District of Maine.

2

## II. FACTUAL BACKGROUND

### A. Contract Formation, Payment, and Acceptance Occurred in Maine

Plaintiff signed a purchase contract for Clamar Series 2500 floats on October 7, 2021 and emailed the signed copy to Clamar in Maine. On October 18, 2021, Plaintiff mailed the physically signed and initialed contract to Maine with payment. On October 19, 2021, Clamar's president countersigned and returned the executed contract to Plaintiff via email. Final acceptance and formation therefore occurred exclusively in Maine.

### B. Title and Risk of Loss Transferred in Maine

The contract states: *"All shipments and pickups are made FOB Brunswick, ME and ownership shall transfer upon loading upon purchaser selected carrier."* (Ex. A § "Transfer of Ownership," p. 4.) Under U.C.C. § 2-319(1)(a), title and risk of loss transfer at the place of shipment in an "FOB" shipment contract. Accordingly, Clamar completed performance in Maine.

### C. The Alleged Defects Arise from Third-Party Conduct in Alaska

After shipment, Plaintiff did not return the floats to Maine for inspection or repair, despite Clamar's offer. Third-party contractors in Alaska performed installation and repair work that Clamar did not supervise, authorize, or warrant. Plaintiff's allegations therefore do not arise from any conduct by Clamar in Alaska.

3

## D. Clamar's Sole Visit to Alaska Does Not Create Jurisdiction

Clamar's president traveled to Alaska at the request of Plaintiff's insurance carrier, which paid all travel costs. The visit involved inspection only; no warranty service, repair work, solicitation, or contractual performance occurred. Such unilateral or post-purchase contacts cannot confer jurisdiction. Such post-sale and unilateral conduct is legally insufficient to create personal jurisdiction.

See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984).

## III. LEGAL STANDARD

To exercise personal jurisdiction, a defendant must have sufficient "minimum contacts" with the forum state such that it could "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). A defendant must have purposefully availed itself of the forum. *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017).

General jurisdiction exists only where a corporation is "at home"—typically its state of incorporation or principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Venue is proper only where a "substantial part" of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

4

# IV. ARGUMENT

## A. The Court Lacks Personal Jurisdiction Over Clamar

Clamar is a Maine corporation that does not advertise, solicit business, or maintain assets or agents in Alaska. It is not "at home" in Alaska, foreclosing general jurisdiction. *Daimler*, 571 U.S. at 137.

## B. Clamar Did Not Purposefully Avail Itself of Alaska

Clamar did not engage in commercial activity in Alaska. Its work was completed in Maine before shipment. The sole Alaska visit was insurer-driven, post-shipment, non-commercial, and without contractual performance. This does not establish purposeful availment. *Burger King*, 471 U.S. at 475.

## C. Plaintiff's Claims Do Not Arise from Forum Contacts

Under *Bristol-Myers*, claims must "arise out of or relate to" defendant's conduct in the forum. 137 S. Ct. at 1781. Plaintiff's claims arise from post-delivery damage and third-party repairs, not from conduct by Clamar in Alaska.

## D. Venue Is Improper in Alaska

Because **contract formation, acceptance, payment, title transfer, design, and manufacture all occurred in Maine**, no substantial part of the events giving rise to the claims occurred in Alaska. Venue is improper under 28 U.S.C. § 1391(b)(2).

5

## E. In the Alternative, the Case Should Be Transferred to Maine

If this Court declines dismissal, it should transfer the case to the District of Maine under 28 U.S.C. §§ 1406(a) or 1404(a).

## V. CONCLUSION

Clamar respectfully requests that the Court:

1. **Dismiss this action** for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2);

2. **Dismiss this action** for improper venue pursuant to Fed. R. Civ. P. 12(b)(3); and

3. **Alternatively,** transfer this action to the District of Maine under 28 U.S.C. §§ 1406(a) or 1404(a).

Respectfully submitted,

**CLAMAR FLOATS, INC.**

**Paul Richards, Pro Se**

President, Clamar Floats, Inc.

74 Orion Street

Brunswick, Maine 04011

Phone: (603) 828-5373

Email: paul.richards@clamarfloats.com

Dated: **December 1, 2025**

6